UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicholas Alec Brown, #273375,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas L. Copeland, Judge; Detective Sergeant Walter Bentley; Lt. White of Clinton Police Dept.; K. Anderson, Officer of Clinton; Clinton Police Department; Laurens Police Department, Chief of Police or City; Victoria Q. Tuner a/k/a Turner,<br><br>Defendants. | C/A No. 6:12-2512-TMC-JDA<br><br><br><br>REPORT AND RECOMMENDATION |

Nicholas Alec Brown ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Turbeville Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Several of the defendants should be summarily dismissed from this action.[1]

Background

Plaintiff alleges his lawsuit is based on false arrest and false imprisonment. Compl. 2. Plaintiff alleges on December 27, 2007, Detective Sergeant Walter Bentley arrested him for criminal sexual conduct with a minor. Compl. 3. He alleges Lt. White and Officer K. Anderson gave certain false information to Detective Bentley that led to the arrest. *Id.* Plaintiff alleges during an investigation the alleged victim, Victoria Q. Tuner a/k/a Turner, and Plaintiff were interviewed. *Id.* Plaintiff alleges he presented a G.P.S. tracking record that revealed the victim's allegations were false, but despite that information Judge

---

[1] In a separate order, this court authorizes issuance and service of process on defendants Detective Sergeant Walter Bentley, Lt. White, and Officer K. Anderson.

Thomas L. Copeland "boned (sic) over" the charge to the Court of General Sessions. *Id.* Plaintiff seems to allege he was falsely imprisoned for eleven months while the action was pending against him, and with the help of a retained attorney the action eventually was dismissed. *Id.* Plaintiff seeks damages, and he requests that the alleged victim be "charged with slander and false allegations charges." Compl. 5.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his lawsuit is based on false arrest and false imprisonment, and he brings suit against, among others, the Chief of Police of the Laurens Police Department, or the City of Laurens, and the Clinton Police Department, or the Chief of the Clinton Police Department. However, the Complaint fails to state a claim on which relief may be granted against those defendants. The Laurens and Clinton Police Departments are buildings and departments which are not considered persons amenable to suit under § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1133 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because it was not a "person" under the statute). Even if Plaintiff seeks to sue the people employed within the Laurens and Clinton Police Departments, he failed to state a claim on which relief may be granted. Groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Plaintiff's attempt to bring suit against the Chief of the Laurens Police Department and the Chief of the Clinton Police Department also fails to state a claim on which relief may be granted because Plaintiff alleges no factual allegations with respect to those individuals. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and factual allegations). If Plaintiff is seeking to sue each of them because they were the supervisors or managers of their police departments and allegedly should be responsible for conduct of their police officers that is not permissible under § 1983. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

Further, to the extent that Plaintiff seeks to sue the City of Laurens, South Carolina, he also failed to state a claim on which relief may be granted because he did not allege the City had a policy or custom that caused him injury. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury). A municipality may not be held liable under § 1983 solely because it employs a tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *See Connick v. Thompson*, 131 S.

Ct. 1350, 1359 (2011) (a local government may be liable if an action pursuant to official municipal policy caused a plaintiff's injury).

Judge Thomas L. Copeland should be dismissed because immunity bars this action against him. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Plaintiff alleges that Judge Copeland "boned (sic) over" the charge against him to the Court of General Sessions even though Judge Copeland should have known based on certain evidence that the charge against Plaintiff was false. Thus, Plaintiff is attacking Judge Copeland's judicial action of sending a case to the Court of General Sessions, and he alleges such conduct was erroneous. Judicial absolute immunity is squarely on point in this case, and it should bar this action against Judge Copeland.

Finally, Plaintiff seeks to sue the alleged victim, Victoria Q. Tuner a/k/a Turner, who gave alleged false testimony to police officers about Plaintiff. Plaintiff failed to state a claim on which relief may be granted pursuant to § 1983 against Tuner, a private citizen,

6

because he did not allege that she acted under color of state law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Here, the only allegation against Tuner is that she told a police officer that Plaintiff had done some act to her which led to his arrest for criminal sexual conduct with a minor. This allegation does not tend to show that Tuner's action could be deemed state action. In other words, it may not fairly be said that Tuner was a state actor.

Moreover, Plaintiff's attempt to request that criminal charges be filed against Tuner has no basis in law. Plaintiff cannot have this Court prosecute criminal charges against her as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the defendants Chief of Police of the Laurens Police Department, or the City of Laurens, the Clinton Police

Department, or the Chief of the Clinton Police Department, Judge Thomas L. Copeland, and Victoria Q. Tuner a/k/a Turner from this action *without prejudice and without issuance and service of process*. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). At this time, this action is proceeding against the remaining defendants. **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

November 15, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).