IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas Alec Brown, | ) | |
| | ) | C/A No. 6:12-2512-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Thomas L. Copeland, Judge; Detective Sergeant Walter Bentley; Lt. White of Clinton Police Dept.; K. Anderson, Officer of Clinton; Clinton Police Department; Laurens Police Department; Chief of Police or City; Victoria Q. Tuner a/k/a Turner, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Nicholas Alec Brown ("Plaintiff"), a state prisoner proceeding *pro se* brings this action under 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.[1] On November 15, 2012, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice. (Dkt. # 22). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report by December 3, 2012. (Dkt. # 22 at 9). On December 3, 3012, Plaintiff filed a motion for an extension of time within which to file his objections (Dkt. #

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

28), and then on December 12, 2012, prior to the court ruling on this motion, Plaintiff filed objections to the Report. (Dkt. # 31-1).  Plaintiff's motion for an extension is granted, and the court will review his objections to the report.

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that several Defendants, the Chief of Police of the Laurens Police Department or the City of Laurens, the Clinton Police Department or the Chief of the Clinton Police Department, Judge Thomas L. Copeland, and Victoria Q. Turner, be dismissed without issuance and service of process. (Report at 1, 7-8). The Report noted that the action against the remaining Defendants was proceeding.[2]

The Plaintiff has filed three specific objections. In his first objection, Plaintiff states he is not suing buildings, but rather "unknown person[s] involved in either of the two departments having to do with the action at bar."  (Objections at 1).  He elaborates that he is seeking to hold the chiefs of police of both the Laurens County and Clinton Police Departments liable for failing to properly investigate and failing to properly train their officers and investigators. (Objections at 2-3).  However, as the Magistrate Judge noted there are no factual allegations in the Complaint which would support such a

---

[2]In a separate order, the court authorized the service of the Complaint on Defendants Sergeant Walter Bentley, Lt. White, and Officer K. Anderson.  (Dkt. # 21).

claim. (Report at 5).   Accordingly, this objection is without merit.

In his second objection, Plaintiff contends that the Magistrate Judge erred in recommending that Defendant Copeland should be summarily dismissed based upon judicial immunity.  (Objections at 4).  Plaintiff acknowledges that judges are entitled to absolute immunity for judicial acts.  *Id.*  However, he contends that judges may be sued for administrative, legislative, or executive acts. *Id.*  He then states that Defendant Copeland should not have bonded his case over to General Sessions because evidence had been presented to him which showed Plaintiff did not commit the crime.  *Id.*

Absolute judicial immunity applies to all acts that are basic and integral parts of the judicial function.   *Mierles v. Waco*, 502 U.S. 9, 12 (1991).   Judicial "immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."   *Id.* at 11-12 (Internal citations omitted). Plaintiff has not made any allegations to support a conclusion that Defendant Copeland acted in a manner so as to strip him of judicial immunity.  Accordingly, this objection is without merit.

In his third objection, Plaintiff contends that the Magistrate Judge erred in recommending that Defendant Turner be summarily dismissed because she did not act under the color of state law.    (Objections at 5).   Plaintiff alleges Turner made false accusations against him which led to his being charged with a crime.  *Id*. He contends that when Turner told police officers that a crime had taken place, Turner was acting in concert with the police and her actions are attributable to the state. *Id*.

Whether a private individual's action rises to the level of state action depends on the relationship between the activity and the state. The inquiry involves "whether there

3

is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). *See also Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985). The reporting of a crime to local law enforcement authorities by Defendant Turner does not constitute action under color of state law. *See Anderson v. Caldwell*, C/A No. 3:10–1906–CMC–JRM, 2010 WL 3724752, *3 (D.S.C. Aug.18, 2010). Accordingly, this objection is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that Defendants the Chief of Police of the Laurens Police Department or the City of Laurens, the Clinton Police Department or the Chief of the Clinton Police Department, Judge Thomas L. Copeland, and Victoria Q. Turner, are dismissed without prejudice and without issuance and service of process. Furthermore, Plaintiff's Motion for an Extension (Dkt. # 28) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 14, 2012
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.