IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nicholas Alec Brown, | ) Case No. 6:12-cv-02512-TMC-JDA |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Detective Sergeant Walter Bentley; | ) |
| Lt. White[1]; K. Anderson, | ) |
| Defendants. | ) |

This matter is before the Court on a motion to dismiss filed by Defendants Detective Sergeant Walter Bentley ("Bentley") and K. Anderson ("Anderson") [Doc. 38] and a motion for discovery filed by Plaintiff [Doc. 77]. Plaintiff is proceeding pro se and brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on August 28, 2012, generally alleging claims of false or illegal arrest and imprisonment.[2] [Doc. 1.] On December 18, 2012, Defendants filed a

---

[1] Defendant Lt. White ("Lt. White") was never served in this matter. After the summons for Lt. White was returned unexecuted [Doc. 51], Plaintiff was given an additional opportunity to provide service information for Lt. White [Doc. 59]. However, Plaintiff represented that he had supplied all information he had for Lt. White. [Doc. 65.] Because the Court finds the claims Plaintiff has raised, or arguably has raised, in this matter are barred by the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court recommends the case also be dismissed as to Lt. White. Further, because Defendant Lt. White has not appeared in this case, any reference to "Defendants" in this Report and Recommendation is to Defendants Detective Sergeant Walter Bentley and K. Anderson, the only other remaining defendants in this action [*see* Docs. 22, 35 (dismissing some defendants before service of the Complaint)].

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on August 28, 2012. [Doc. 1-1 (envelope

motion to dismiss. [Doc. 38.] Also on December 18, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 41.] On January 22, 2013, Plaintiff filed a response in opposition to Defendants' motion to dismiss. [Doc. 62.] On February 2, 2013, Defendants filed a reply [Doc. 68], and subsequently, Plaintiff filed a sur-reply [Doc. 71] and additional attachments [Doc. 74]. Accordingly, Defendants' motion is now ripe for review.[3]

## BACKGROUND

Plaintiff alleges he was arrested by Bentley on December 27, 2007 based on information Bentley received from Anderson and Lt. White. [Doc. 1 at 3.] After a preliminary investigation, Plaintiff alleges he was bound over to the Court of General Sessions despite having presented evidence that proved the allegations against him were false. [*Id.*] The action against Plaintiff was dismissed eleven months later, after Plaintiff paid an attorney to represent him, who introduced the exculpatory evidence Plaintiff had already presented to the judge.[4] [*Id.*] Alleging he was falsely/illegally arrested and imprisoned, Plaintiff seeks an award of $12.5 million, for his actual damages, fees, pain

---

stamped as received by prison mailroom on August 28, 2012).]

[3] As stated, also pending before the Court is Plaintiff's motion for discovery, which he filed on February 22, 2013 and which the Court construes as a motion to compel. [Doc. 77.] Plaintiff seeks "a copy of the Discovery of the preliminary hearing of April 2008 transcript warrant # No. I-282982." [*Id.* at 1.] Because, as explained below, the Court recommends Plaintiff's claims be dismissed as barred by the applicable statute of limitations and *Heck*, the Court recommends Plaintiff's motion be denied.

[4] The parties' briefing reveals that Plaintiff's December 27, 2007 arrest was on charges brought in Laurens County. [Doc. 62 at 1, 5, 10; Doc. 68 at 2 n.1.] On November 4, 2008, the Laurens County charges were nol prossed, and the same charges were initiated in Newberry County. [Doc. 62 at 1, 10; Doc. 68 at 2 n.1.] Plaintiff was ultimately convicted on the Newberry County charges. [Doc. 62 at 9.]

2

and suffering, and lost wages; punitive damages; and that the alleged victim be charged with slander and for making false allegations.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983

allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,

4

531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## **DISCUSSION**

Defendants argue the Complaint is time barred because, under the applicable statute of limitations, Plaintiff did not bring this action on or before December 27, 2010, three years after Plaintiff's alleged false arrest. [Docs. 38, 68.]   Liberally construing

Plaintiff's responses, Plaintiff contends his claims are either not barred by the statute of limitations or have not accrued and, therefore, his claims should go forward. [*See* Docs. 62, 71, 74.]

Because § 1983 does not specify a statute of limitations, the Supreme Court has counseled that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (footnote omitted); *see Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78, 382 (2004); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period . . . ." (citations omitted)). In South Carolina, the residual statute of limitations for personal injury actions is three years. S.C. Code Ann. § 15-3-530.

While the time limitation for civil rights actions is derived from state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Specifically as to claims of false arrest, the Supreme Court stated in *Wallace*,

> Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends. . . .

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself. Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date . . . .

549 U.S. at 389–90 (emphasis, citations, and internal quotation marks omitted); *see also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 182 (4th Cir. 1996) (finding the plaintiff's § 1983 claim for an alleged warrantless arrest unsupported by probable cause accrued on the date of the plaintiff's arrest).

Here, Plaintiff's cause of action for false arrest began to accrue in April 2008, when he had a preliminary hearing and was bound over to the Court of General Sessions. [*See* Doc. 1 at 3; *Wallace*, 549 U.S. at 389.] Consequently, this claim is time barred because Plaintiff did not raise it until August 28, 2012, more than a year after the applicable statute of limitations expired in April 2011. Accordingly, the Complaint should be dismissed for Plaintiff's failure to bring his false arrest claim within the applicable limitations period.

To the extent Plaintiff raises a malicious prosecution claim as to the Laurens County prosecution,[5] such claim began to accrue in November 2008, when the Laurens County charges were nol prossed. [*See* Doc. 62; *Heck*, 512 U.S. at 487; *Brooks*, 85 F.3d at 183.] Therefore, the statute of limitations expired as to a malicious prosecution claim based on the Laurens County prosecution in November 2011, more than eight months before Plaintiff filed this litigation in August 2012. Finally, to the extent Plaintiff raises a malicious prosecution claim as to the Newberry County prosecution, such claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has not received a favorable termination of the conviction stemming from the Newberry County prosecution.[6] [*See*

---

[5] Although the Complaint appears to raise only a false arrest claim [*see* Doc. 1], in his responses to Defendants' motion to dismiss, Plaintiff arguably raises malicious prosecution claims [*see* Docs. 62, 71, 74]. In an abundance of caution, the Court has addressed the malicious prosecution claims.

[6] In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (holding claims brought pursuant to § 1983 and *Bivens* challenging underlying criminal conviction are barred by *Heck*). Thus, *Heck* bars a prisoner's claim for damages under § 1983 where success of the action would implicitly question the validity of the prisoner's conviction or duration of his sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. However, a court may exercise its discretion to grant a stay, instead of dismiss, under *Heck* until a favorable termination has either been obtained or is no longer available. *See Wallace*, 549 U.S. at 393–94 ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of a district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)); *see also, e.g.*, *Nussbaumer v. Nesbitt*, No. 11-cv-6331F3, 2011 WL 4828844 (W.D.N.Y. Oct. 7, 2011) (staying false arrest and search and seizure claims that would impugn a conviction pending final resolution of criminal proceedings, where the plaintiff's appeal of his conviction was pending); Smart v. Township of Gloucester, No. 06-138, 2007 WL 1186043 (D.N.J. Apr. 20, 2007) (recognizing that a stay necessitated under *Heck*/*Wallace* may extend for years while post-conviction relief of the underlying criminal conviction is sought). In any event, "[b]ecause § 1983 actions seeking damages for unconstitutional arrest or confinement imposed pursuant to legal process—claims most analogous to the common-law tort of malicious prosecution—must allege and prove a termination of the criminal proceedings favorable to the accused, such claims do not accrue until a favorable termination is obtained." *Brooks*, 85 F.3d at 183 (citations omitted).

Docs. 62, 71, 74; *Heck*, 512 U.S. at 487; *Brooks*, 85 F.3d at 183; *see also* Doc. 68 (addressing Plaintiff's arguments as to *Heck*).] Because it is unclear whether Plaintiff is actually raising a malicious prosecution claim as to the Newberry County prosecution and there is no indication that Plaintiff has attempted or is attempting to overturn his conviction, the Court concludes a stay of this action pending resolution of any action to overturn Plaintiff's conviction is unwarranted. *See, e.g.*, *Wallace*, 549 U.S. at 393–94.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss [Doc. 38] be GRANTED and Plaintiff's motion for discovery [Doc. 77] be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 28, 2013
Greenville, South Carolina