IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas Alec Brown, | ) | |
| | ) | Civil Action No. 6:12-2512-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Detective Sergeant Walter Bentley; | ) | |
| Lt. White; K. Anderson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      The plaintiff, a prisoner proceeding pro se, brought this action on August 28, 2012, alleging that the defendants violated his Fourth and Fourteenth Amendment rights when they falsely arrested and imprisoned him. (ECF No. 1.) The defendants moved the court to dismiss the complaint as time-barred. (ECF No. 38.) Both parties fully briefed that motion. (*See* ECF Nos. 62, 68, 71.) In addition, the plaintiff has filed what the court construes as a motion for discovery, seeking a copy of an April 2008 hearing transcript. (ECF No. 77.)

      Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the defendants' motion to dismiss and deny the plaintiff's discovery motion as moot.[1] (ECF No. 78.) The plaintiff responded to the Report with objections, asserting that his action is not time-barred because it arises from a continuing course of conduct and, if the statute of limitations does apply, it started to run later. (ECF No. 81.) The

---

[1] The Report has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

court is charged with making a de novo determination of those portions of the Report to which specific objection is made.

The court construes the plaintiff's claims as claims brought pursuant to 28 U.S.C. § 1983. Section 1983 does not specify a statute of limitations, so, courts fill the gap by applying the applicable state law statute of limitations, usually the limitations period for a personal injury claim. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). In South Carolina, personal injury claimants are subject to a three year limitations period. S.C. Code Ann. § 15-3-530(5) (mandating a three year statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising out of contract and not enumerated by law"). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." *Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

While state law determines the limitations period for § 1983 actions, federal law dictates the accrual date. *Kato*, 549 U.S. at 388. For false imprisonment claims, the limitations period begins to run "when the alleged false imprisonment ends," and "a false imprisonment ends once the victim becomes held pursuant to . . . [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. at 389-90. False arrest claims accrue on the date of the arrest. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 182 (4th Cir. 1996).

Accordingly, the plaintiff's action accrued either on the date of his arrest, December 27, 2007, or the date he was bound over to the Court of General Sessions, April 2008.[2] Either way, his August 2012 complaint falls outside of the limitations period. The plaintiff has not asserted, and the court does not find, any reason to apply equitable tolling in this case.

---

[2] One possible later accrual date would be November 4, 2008, the day his charges were nol prossed for lack of jurisdiction in Laurens County and immediately initiated in Newberry County. However, even that date would not bring his action into the three year limitations period.

Therefore, after a thorough review of the record in this case, the court adopts the Report and incorporates it herein.  The court grants the defendants' motion to dismiss (ECF No. 38) and denies the plaintiff's discovery motion (ECF No. 77) as moot.[3]

IT IS SO ORDERED.

                                              s/Timothy M. Cain
                                              United States District Court Judge

May 2, 2013
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.

---

[3] As the Report notes in footnote 1, Defendant Lt. White was never served and has never appeared in this case.  However, because the court finds that the case is barred by the statute of limitations, it would also be barred as to Lt. White.  Accordingly, the complaint is also dismissed as to Lt. White.